FILED

2016 NOV 22  PM 4:30

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

BENANCIO LOPEZ
LYDIA LOPEZ

CASE NO. 6:16-cr-227-ORL-18URS
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

## INDICTMENT

The Grand Jury Charges:

### COUNT ONE
(Conspiracy to Commit Money Laundering)

At all times material to this Indictment:

#### Introduction

1. Conspirators operated an illegal telemarketing call center in Costa Rica through which they defrauded victims by falsely informing them that they had won a prize in a sweepstakes and had to send money to administrators in the United States to pay various fees and taxes necessary to retrieve their prize. They also falsely induced victims who had already made an initial payment to make additional payments based on new misrepresentations (including that the victims' prize amount had increased because of the disqualification of another winner). Conspirators directed the

victims to send payments through bank wire transfer, third party wire services, and mail to conspirators in the United States, including the defendants, who then, either directly or indirectly, provided the remaining funds to conspirators in Costa Rica.

2. Defendants **BENANCIO LOPEZ** and **LYDIA LOPEZ**, both residents in the Middle District of Florida, received victim funds into bank accounts that they controlled, withdrew the funds in cash, and then, after retaining a percentage of the funds, provided the remaining funds to conspirators in Costa Rica either directly, or through other conspirators in the Middle District of Florida.

3. TD Bank, Wells Fargo, JP Morgan Chase Bank and Bank of America were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

## The Conspiracy

4. Beginning in or about November 2011 and continuing through in or about October 2012, in the Middle District of Florida, the defendants,

**BENANCIO LOPEZ**
**LYDIA LOPEZ**

did knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce,

2

which transactions involved the proceeds of specified unlawful activity, that is mail fraud and wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

In violation of 18 U.S.C. § 1956(h).

## COUNTS TWO THROUGH SEVEN
(Concealment Money Laundering)

5. The allegations of paragraphs 1 through 3 are incorporated herein.

6. On or about the dates listed below, in the Middle District of Florida, the defendant,

### BENANCIO LOPEZ

did knowingly conduct and attempt to conduct the below listed financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is mail fraud and wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of

the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction | Amount |
|---|---|---|---|
| 2 | 6/8/2012 | Cash withdrawal from TD Bank account # 0073 | $5,000 |
| 3 | 6/11/2012 | Cash withdrawal from TD Bank account # 0073 | $1,000 |
| 4 | 6/14/2012 | Cash withdrawal from TD Bank account # 0073 | $2,000 |
| 5 | 6/14/2012 | Cash withdrawal from Wells Fargo Bank account # 9225 | $8,000 |
| 6 | 6/21/2012 | Cash withdrawal from TD Bank account # 0073 | $8,000 |
| 7 | 6/22/2012 | Cash withdrawal from Wells Fargo Bank account # 9225 | $6,000 |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2.

## COUNTS EIGHT THROUGH THIRTEEN
### (Concealment Money Laundering)

7. The allegations of paragraphs 1 through 3 are incorporated herein.

8.     On or about the dates listed below, in the Middle District of Florida, the defendant,

**LYDIA LOPEZ**

did knowingly conduct and attempt to conduct the below listed financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is mail fraud and wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction | Amount |
|---|---|---|---|
| 8 | 6/25/2012 | Cash withdrawal from TD Bank account # 5736 | $3,000 |
| 9 | 6/27/2012 | Cash withdrawal from TD Bank account # 5736 | $1,230 |
| 10 | 7/2/2012 | Cash withdrawal from TD Bank account # 5736 | $2,588 |
| 11 | 7/6/2012 | Cash withdrawal from TD Bank account # 5736 | $2,950 |
| 12 | 7/9/2012 | Cash withdrawal from TD Bank account # 5736 | $1,700 |
| 13 | 7/10/2012 | Cash withdrawal from TD Bank account # 5736 | $1,260 |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2.

## **FORFEITURE**

1. The allegations contained in Counts One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(1).

2. Upon conviction of the violations alleged in Counts One through Seven of this Indictment, the defendant, **BENANCIO LOPEZ**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including a money judgment in the amount of $579,940.

3. Upon conviction of the violations alleged in Count One and Counts Eight through Thirteen of this Indictment, the defendant, **LYDIA LOPEZ**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including a money judgment in the amount of $579,940.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value;

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America, shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Karen L. Gable
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

BENANCIO LOPEZ
LYDIA LOPEZ

## INDICTMENT

Violations:

18 U.S.C. §§ 1956(h) and (a)(1)(B)(i)

A true bill,

_____*Cassekar Jacobs*_____
Foreperson

Filed in open court this 22nd day of November 2016.

_____*Kim Anderson*_____
Clerk

Bail $_____

GPO 863 525